UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES BURR, | ) |
|           Petitioner, | ) ) ) |
|           v. | )   No. 2:22-cv-00173-JPH-MG ) |
| KALLIS, | ) ) ) |
|           Respondent. | ) |

**ORDER DENYING HABEAS PETITION
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Charles Burr has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") decision to not credit toward his federal sentence time served in state custody that was applied to a state-court sentence. Dkt. 1. For the reasons stated below, his habeas petition is **denied**.

**I.
Background**

In 2020, Mr. Burr pled guilty to conspiracy to distribute and possession with intent to distribute 500 grams or more of methamphetamine in the U.S. District Court for the District of Nebraska and agreed to a stipulated sentence of 204 months in prison. *United States v. Burr,* No. 8:19-cr-00101-RFR-MDN, dkts. 119, 120, 133, 134 (D. Neb. Sept. 15, 2020) ("Cr. Dkt."). At sentencing, Mr. Burr's counsel asked the sentencing judge to give Mr. Burr credit for his pretrial incarceration starting on September 15, 2018. Cr. Dkt. 154 at 4. The government agreed that the Court should recommend that he receive credit

1

back to that date. *Id.* at 5. The Court then considered the 18 U.S.C. § 3553(a) sentencing factors and imposed a sentence of 204 months of imprisonment. *Id.* The Court then stated, "I recommend to the Bureau of Prisons that the defendant receive credit for time served since September 15, 2018." *Id.* at 6. Final judgment entered on September 15, 2020. Cr. Dkt. 134. The judgment stated that Mr. Burr was sentenced to 204 months in prison. *Id.* It also included several recommendations to the BOP, including that "Defendant should be given credit for time served since September 15, 2018," which amounts to 24 months' credit. *Id.*

The BOP then calculated Mr. Burr's sentence and considered whether Mr. Burr was entitled to any credit under 18 U.S.C. § 3585(b) for time served in custody before he began serving his federal sentence. The parties agree that the BOP properly determined Mr. Burr had already received credit toward various state sentences for the time period at issue in his habeas petition. *See generally* dkt. 18 (reply brief).

In brief, Mr. Burr was also in custody in connection with several state charges while his federal case was pending. When he was sentenced on the state charges, the state courts gave him credit toward his state sentences for the time he had already served in custody on those charges. In total, Mr. Burr received credit toward his state sentences for the time he spent in custody between September 15, 2018, and January 11, 2020. Therefore, the BOP did not credit any of that time toward his federal sentence. The BOP did, however, give him credit toward his federal sentence for time spent in state custody in

2014 and for the period from January 12, 2020, through September 13, 2020.[1] *See* dkt. 11 at 5 (summarizing credits).

Mr. Burr filed motions asking the federal Court to correct his judgment to reflect that his federal sentence should have been 180 months because the Court did not apply credit toward his federal sentence for any of the time served between September 15, 2018, and September 14, 2020. Cr. Dkts. 138, 140. Mr. Burr argued that "this time served was to be applied at sentencing and cannot be applied during sentence computation at the Federal Bureau of Prisons." *See* Cr. Dkt. 140 at 1. The federal Court denied the motions, explaining that only the BOP could calculate his sentence and that, to challenge that computation, he was required to file a habeas petition in his district of confinement after exhausting administrative remedies. Cr. Dkt. 141.

Six days after the sentencing court denied those motions, this Court received Mr. Burr's habeas petition. About a month later, Mr. Burr moved for reconsideration of the sentencing court's order denying his motions to correct his judgment. Cr. Dkt. 142. He argued that he was not challenging the BOP's calculation of his sentence under 18 U.S.C. § 3585. *Id.* Instead, he argued that the sentencing court intended to reduce Mr. Burr's sentence by 24 months under U.S.S.G. § 5G1.3, and the BOP unlawfully failed to implement that sentence. *Id.*

The federal Court denied the motion, stating:

---

[1] The first 30 days of the January 12-through-September 13 time were not credited until after Mr. Burr filed his habeas petition. Dkt. 11 at 5.

3

> The presiding judge, the late Honorable Laurie Smith Camp *recommended* in the Judgment in a Criminal case that Burr receive credit for time served since September 15, 2018, at which time he was incarcerated due to a state-related offense in Morgan County, Colorado.  But Burr did not come into federal custody until February 20, 2020.
>
> Burr posits that Judge Smith Camp "intended" to apply a downward departure under the United States Sentencing Guidelines § 5G1.3.  There is nothing in the record indicating that Judge Smith Camp intended to apply this departure.  Indeed, there is nothing in the judgment or the Statement of Reasons supporting Burr's claim.

Cr. Dkt. 143 (internal citations omitted).

## II.
## Legal Standard

"[C]hallenges to the computation of a sentence must be brought under 28 U.S.C. § 2241."  *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam).  The Attorney General, acting through the BOP, is responsible for administering and calculating the sentences of federal prisoners, including calculating credits for time served under 18 U.S.C. § 3585.  *See United States v. Wilson*, 503 U.S. 329, 334–35 (1992); 18 U.S.C. § 3621(a).  Under that section, a federal prisoner is entitled, under certain circumstances, to receive credit toward his sentence for time spent in detention between his arrest for the offense and the commencement of the sentence.  18 U.S.C. § 3585(b).  A court may not, however, credit toward a federal sentence time served in jail that has been "credited against another sentence."  *Id.*

## III.
## Analysis

Mr. Burr argues that he should receive 24 months' credit toward his federal sentence, effectively reducing his sentence of incarceration from 204

months to 180 months.  The government responds that the BOP cannot credit his federal sentence for that time because it was already credited to a state-court sentence.  Dkt. 11 (citing 18 U.S.C. § 3585(b)).  Mr. Burr concedes that he already received credit toward his state sentence for the period of time that he served in jail pending disposition of the federal charges.  Dkt. 18 ("Lastly, the credit Burr seeks was credited against state sentence(s), as the Government asserts." (internal citation omitted)).  Mr. Burr argues, however, that the BOP must credit toward his federal sentence the 24 months' time served in jail because the federal Court intended to adjust to his sentence under Sentencing Guideline § 5G1.3 for the time he had already served in jail.

> § 5G1.3 provides:
>
> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under [the Guidelines], the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

5

> (c) If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under [the Guidelines], the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

U.S.S.G. § 5G1.3 (2018 Sentencing Manual).

The federal Court's sentencing recommendation related to credit for time served, however, was a non-binding recommendation, not a downward adjustment under § 5G1.3. At sentencing, neither counsel nor the Court referred to § 5G1.3. And while Mr. Burr's attorney asked that the court "grant" Mr. Burr credit for his pretrial incarceration, the context does not suggest that counsel was referring to a sentence adjustment under § 5G1.3. Cr. Dkt. 154 at 4 (Mr. Burr's attorney setting forth sentencing-related requests, including placement at a specific facility, substance abuse treatment, and vocational training). And the government agreed that the Court should "make the recommendation" that Mr. Burr receive the credit. *Id.* at 5. In pronouncing sentence, the Court stated, "I recommend" that Mr. Burr receive credit for time served from September 15, 2018, along with the other non-binding recommendations Mr. Burr's attorney had requested. *Id.* at 6. Finally, the language used in the judgment is consistent with the Court's oral pronouncement of the sentence, including that the Court "recommended" that Mr. Burr receive credit for time served. Cr. Dkt. 134. In short, the record does not show that the Court intended to adjust Mr. Burr's sentence downward under § 5G1.3 to a term of 180 months' incarceration.

6

Mr. Burr's reliance on *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002) is misplaced. There, the Third Circuit granted a habeas petition, concluding that the BOP had failed to implement the sentence imposed by the sentencing court. At sentencing, the petitioner's attorney asked the court to order the federal sentence to run concurrent with the state sentence, explicitly referencing the court's authority under U.S.S.G. § 5G. *Id.* at 131. The sentencing judge stated that it made sense to "recommend" that the sentences run concurrently and that the petitioner receive credit for the time served on the state sentence. *Id.* The judgment stated, "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 112 months. Sentence imposed to run concurrent with State sentence. Defendant to receive credit for time served." *Id.* The Third Circuit concluded that the district court's statements at sentencing and the judgment demonstrated the court's intent to adjust the sentence downward under § 5G. *Id.* at 135.

Here, in contrast, neither the court nor counsel referenced § 5G1.3, and the judgment referred to the credit calculation only as a "recommendation." The record therefore does not indicate that the court intended to adjust Mr. Burr's sentence downward under § 5G1.3, but instead was making a non-binding recommendation. Moreover, Mr. Burr's request to apply the credit for time-served is at odds with 18 U.S.C. § 3585 because that time-served was already credited to his state-court sentence. *See United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("§ 3585(b) forbids the BOP from giving credit for

7

presentence custody when that credit has been applied against another sentence"); *Elwell v. Fisher*, 716 F.3d 477, 485 (8th Cir. 2013) (noting that § 3585(b) includes an express prohibition on double crediting).[2]

Mr. Burr has not shown that the BOP has erred in calculating his sentence. Therefore, his habeas petition must be denied.

## IV.
## Conclusion

For the reasons stated above, Mr. Burr's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **denied with prejudice**. His motions for Court assistance, and status update, dkts. [24] and [25], are **granted** to the extent that the Court has now ruled on his habeas petition.

Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 9/24/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[2] The other cases Mr. Burr cites, *see* dkts. 18, 20, 22, similarly do not support applying the time-served credit to his federal sentence. *See, e.g.*, *Rios v. Wiley*, 201 F.3d 257, 261 (3d Cir. 2000) (discussing application of § 5G1.3 where the sentencing court referred to it and the judgment sentenced petitioner "to a term of 90 months on both counts to run concurrently with each other and concurrently with the state sentence and that you receive credit for time served").

8

Distribution:

CHARLES BURR
31242-047
PEKIN - FCI
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555

All electronically registered counsel